**FILED**

MAY 3 1 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Richard N. Heinz )

    Plaintiff, )

v. )

Benchmark Foam Inc. )

    Defendant. )

**13 CV 4050**

JUDGE FEINERMAN
MAGISTRATE JUDGE KEYS

**JURY TRIAL DEMANDED**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Richard N. Heinz ("Heinz"), by and through his undersigned attorney, for his complaint against defendant Benchmark Foam Inc. ("Benchmark") hereby allege as follows:

### JURISDICTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code § 1 *et seq.* This Court has exclusive original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES

2. Heinz is a Michigan resident residing at 8506 M.5 Road Gladstone, Michigan, 49837.

3. Benchmark is a South Dakota corporation and has its principal place of business at 401 Pheasant Ridge Drive, Watertown, South Dakota, 57201.

### PATENT INFRINGEMENT

4. Heinz is the sole inventor of, and owns the full and exclusive right, title, and interest in, and thus has standing to bring an action to recover damages for any past, present and future infringement of U.S. Patent No. Reissue 41,851, "Ramp and Method of Construction" ("'851

Patent). The '851 Patent reissued on October 26, 2010. The '851 Patent is Exhibit A to this Complaint.

5. Benchmark makes and sells pitching mounds and operates a website, http://benchmarkfoam.com/ where they offer to ship their products.

6. At a minimum, Benchmark's pitching mounds infringe claims of the '851 Patent.

7. Benchmark is aware of the '851 Patent and knew or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent. Its infringement is willful.

8. Benchmark's infringement of the '851 Patent has injured Heinz, and Heinz is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## DEMAND FOR RELIEF

Heinz respectively requests that this Court grant it relief as follows:

A. The entry of final judgment in favor of Heinz;

B. An award to Heinz of damages adequate to compensate Heinz for Benchmark's infringement of the '851 Patent, the damages to be no less than a reasonable royalty, together with prejudgment interest from the date of infringement of the '851 Patent began, including increased damages if the infringement is determined to be willful;

C. An injunction barring Benchmark, its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with any of them from infringing the '851 Patent;

D. A determination that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to Heinz of the costs of this action and its reasonable attorneys' fees; and

E.   Such other relief as Heinz is entitled to recover under any applicable law and as this Court or a jury may determine to be proper and just.

## JURY DEMAND

Heinz hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

*Nathan A. Frederick*

Nathan A. Frederick
Cardinal Law Group
Suite 2000
1603 Orrington Avenue
Evanston, IL 60201
Phone: 847.905.7111
Fax: 847.905.7113